May 16, 1904.

————o———

No.  3444.

(Court of Appeal,  Parish  of  Orleans.)

F. A. LONGSHORE vs. W. J. BENTLEY.

The pleadings in this matter authorize the maintainance of the plea of estoppel, and the exclusion of the evidence sought to be introduced.

Appeal from Civil District Court, Division E.

McEnery, Dodds & Boatner & Chas. Schreiber, for Plaintiff and Appellant.

Cage, Baldwin and Crabites, for Defendant and Appellee.

DUFOUR, J.  The plaintiff, a judgment creditor of defendant, sued out garnishment process, and the garnishee answered that they owed nothing to Bentley, but his wife $1225 which they deposited in the registry and called upon plaintiff, defendant and Mrs. Bentley to litigate over the fund. Whereupon, Longshore answered that the fund "is not the property of Mrs. Bentley, individually, but is the joint fund of herself and husband," but if it is hers, she is, liable under the law of Mississippi, their home, because the debt was con tracted by her husband in her name, as her agent. Counsel for Mrs. Bentley then called on counsel for Longshore to elect as to which ground on his answer he desired to stand, and the latter elected to abandon the allegation in his answer to the effect that the fund is the joint property of Bentley and his wife.

After this election, Mrs. Bentley presented the following peremptory plea :

"And now comes Mrs. J. J. Bentley, and specially pleads that F. A. Longshore is estopped from herein setting up that the obligation representing the judgment in favor of F. A. Longshore, and against W. J. Bentley, was in any sense the obligation of Mrs. J. J.

227

Bentley ; that the said F. A. Longshore, having accepted from W. J. Bentley notes to stand for the said indebtedness, and having sued upon these notes and reduced them to a judgment without attempting to make Mrs. Bentley a party to the suit, is now estopped from claiming that the said notes or the judgment rendered in consequence thereof, in any way binds Mrs. J. J. Bentley ; and counsel further pleads, by way of estoppel, that F. A. Longshore is estopped from attempting in this matter to hold funds of Mrs. J. J. Bentley on the ground that he has no writ or any process out of this Honorable Court attaching any funds belonging to Mrs. J. J. Bentley. And now counsel for Mrs. J. J. Bentley specially objects to any evidence under the answer of F. A. Longshore on the ground that the plea of estoppel prevents introduction of said evidence.

The Court maintained the plea of estoppel and the objection on which it is founded and excluded proof of any other matter than the ownership of the fund by the defendant in this case, and there was judgment decreeing Mrs. Bentley to be owher of the fund.

Unassisted by any brief for plaintiff, we have not found any error in the judgment.

The garnishees swear that their account with Mrs. Bentley was her own and her husband had nothing to do with it. The suit was against Bentley alone on notes signed by him personally. The plaintiff offered no contrary proof, and we do not see how Mrs. Bentley can be involved in the matter.

Judgment affirmed.

May 16, 1904.

Rehearing refused June 23. 1904.